# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EBONY SHAFFER, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 2:23-cv-2017** |
| **CITY OF LEAVENWORTH, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

On December 5, 2022, in the District Court of Leavenworth County, Kansas, Ebony Shaffer filed this suit against the City of Leavenworth and the Leavenworth Police Department. On January 16, 2023, Shaffer filed an amended petition, adding the Estate of Willie Gillom Jr. as a plaintiff.  The next day, defendants removed this action to federal court.

In her individual capacity, pursuant to 41 U.S.C. § 1983, Shaffer alleges that in violation of the Fourth and Fourteenth Amendments, U.S. Const. amends. IV, XIV, defendants unlawfully deprived her of property without due process (Count I).  Under Kansas law, Shaffer individually asserts claims for conversion (Count II), intentional infliction of emotional distress (Count III) and negligent infliction of emotional distress (Count IV).  In her official capacity as executor of Gillom's Estate, pursuant to Section 1983, Shaffer alleges that in violation of the Fourth and Fourteenth Amendments, defendants unlawfully deprived the Estate of property without due process (Count I), and in violation of Kansas law, defendants converted the Estate's property (Count II).[1]  This matter is before the Court on <u>Defendants' Motion To Dismiss</u> (Doc. #3) filed February 6, 2023.  For reasons stated below, the Court sustains the motion in part and overrules in

---

[1]      For simplicity, the Court will refer to Shaffer's claims on behalf of the Estate as the Estate's claims.

part.

## Legal Standards

Defendants move to dismiss under both Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. Dismissal pursuant to Rule 12(b)(1) is appropriate when the Court lacks subject matter jurisdiction over a claim for relief. The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. Port City Props. v. Union Pac. R.R. Co., 518 F.3d 1186, 1189 (10th Cir.2008).

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack. Holt v. United States, 46 F.3d 1000, 1002–03 (10th Cir. 1995). In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings. Id. at 1003. Here, defendants challenge the facts on which subject matter jurisdiction depend, i.e. whether the Court maintains jurisdiction in light of the notice of suit which plaintiffs filed with the City. When reviewing a factual attack, the Court has wide discretion to consider affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). Id.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.

See id. at 678.  Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged.  Id. However, plaintiffs must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief.  Id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Rule 8(a)(2) depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

When defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the Court must first decide motion under Rule 12(b)(1) for the latter challenge would be moot if the Court lacks subject matter jurisdiction.  Mounkes v. Conklin, 922 F. Supp. 1501, 1506 (D. Kan. 1996).

## Factual Background

Plaintiffs' complaint alleges as follows:

Shaffer is the daughter of Willie Gillom, Jr.   Exhibit A (Doc. #1-1) at 19.  Gillom resided at 76 Sheridan Street in Leavenworth, Kansas ("the residence").  Id. at 21.  On December 7, 2020, the Leavenworth Police Department notified Shaffer's daughter that Gillom had died at the residence.  Id.  Shaffer's daughter called Shaffer, who arrived at the residence about 15 minutes later.  Id. at 22.  At the residence, Shaffer noticed that Gillom's clothing had been removed from a closet and thrown into piles on chairs.  Id.  She also saw two empty plastic jars that had been

filled with loose change.  Id.  After Shaffer's brother arrived at the residence, he and Shaffer searched the home.  Id. at 23.  They observed that Gillom's closet and bedroom were in disarray. Id.

On December 16, 2020, Shaffer and her husband began organizing Gillom's personal property at the residence.  Id.  They discovered empty gun cases, empty knife boxes and missing firearms ammunition.  Id.  Shaffer immediately contacted the Leavenworth Police Department non-emergency line to report the missing firearms.  Id. at 24.  After Shaffer provided the address of the residence, she observed "a prolonged, awkward pause."  Id.  The dispatcher informed Shaffer that two police offers would respond to the residence to take a formal report.  Id.

About ten minutes later, Officer Shane Adams called Shaffer.  Id.  Adams advised her that officers did not need a formal report.  Id.  Adams explained that on December 7, 2020, when officers had arrived at the residence, they conducted a thorough search of the home.  Id. at 24–25. Adams stated that the officers had seized five firearms "for safekeeping."  Id. at 25.  This was the first time Shaffer learned about the search and seizures.  Id.  Adams informed Shaffer that she needed to contact Officer Leona Housell to retrieve the firearms.  Id.  When Shaffer asked Adams to complete a formal report, he refused and told Shaffer to wait for the matter to get "sorted out." Id.

Immediately after speaking with Adams, Shaffer called and left a message for Housell.  Id. at 26.  Shaffer then went to the police department to retrieve the firearms.  Id.  At the police department, Shaffer saw a sign stating that "[f]irearms taken by the Leavenworth Police Department for safekeeping would be held for 30 days, then would become the property of the Leavenworth Police Department."  Id.  Shaffer attempted to recover the firearms, but the receptionist informed Shaffer that she needed to return with an attorney.  Id.  Before leaving,

-4-

Shaffer left another message for Housell and requested a copy of the police report relating to the officers' initial visit to the residence on December 7.  Id. at 27.  The receptionist provided a redacted copy of an officer call activity report and stated that Shaffer could receive an unredacted report when she returned with an attorney.  Id.

On December 31, 2020, Shaffer returned with her probate attorney's paralegal and provided documents to show that she was the executor of Gillom's estate.  Id.  Shaffer then learned that she must contact Andrew Brinker at the satellite office.  Id.  The Leavenworth Police Department does not have a satellite office.  Id.

On January 5, 2021, the attorney for Gillom's estate called the police department and demanded that it return the seized property.  Id.  Major Dan Nicodemus informed the attorney that after it received Gillom's autopsy report, the department would release the property.  Id. at 28.  Nicodemus stated that when the department could release the property, he would contact the attorney, which he never did.  Id.

On January 6, 2021, Nicodemus emailed Shaffer that the department had seized the property "as part of [her] father's death" investigation.  Id.  On or about January 14, 2021, Shaffer received her father's death certificate, which indicated that an autopsy had not been performed.  Id.  On or about April 12, 2021, Shaffer received an email stating that she could retrieve the seized property.  Id.  Upon receipt of the property, Shaffer discovered that officers had seized various firearms and sums of cash.  Id.[2]

Procedural History

On June 9, 2021, as required by K.S.A. § 12-105b, the Estate filed a notice of claim with the City.  The notice listed Shaffer as administrator of Gillom's Estate and detailed "claims by the

---

[2]     It is not clear when the police department released the property to Shaffer.

Estate, brought under the Kansas Tort Claims Act and 42 U.S.C. § 1983." Exhibit A (Doc. #4-1) at 1; see K.S.A. §§ 75-6101 et seq. The Estate detailed the facts set forth above and described its alleged injury as follows: "Illegal search and seizure, including theft of various personal property including, but not limited to, firearms, money, knives, and medications." Id. at 4.

As noted, on December 5, 2022, in the District Court of Leavenworth County, Shaffer filed this suit against defendants. On January 16, 2023, Shaffer filed an amended petition, adding Gillom's Estate as a plaintiff. On January 17, 2023, defendants removed this action to federal court.

In her individual capacity, pursuant to Section 1983, Shaffer alleges that in violation of the Fourth and Fourteenth Amendments, defendants unreasonably seized and deprived her of property without due process and that the City is liable for such deprivations under Monell v. Department of Social Services, 436 U.S. 658 (1978) (Count I). Under Kansas law, Shaffer individually asserts claims for conversion (Count II), intentional infliction of emotional distress (Count III) and negligent inflection of emotional distress (Count IV). Pursuant to Section 1983, the Estate alleges that in violation of the Fourth and Fourteenth Amendments, defendants unlawfully deprived the Estate of property without due process and that the City is liable for such deprivations under Monell (Count I) and that in violation of Kansas law, defendants converted the Estate's property (Count II).

## Analysis

The Leavenworth Police Department argues that the Court must dismiss all claims against it because it lacks the capacity to be sued. The City argues that as to Shaffer's individual claims, (1) the Court lacks subject matter jurisdiction over Counts III and IV and (2) Counts I and II fail because Shaffer has not alleged a possessory interest in the property which it allegedly seized and

converted.  As to the Estate, the City argues that (1) Count I fails because any violation occurred after Gillom's death and Section 1983 provides no cause of action on behalf of a deceased person and (2) Count II fails because the Estate has not alleged that the City exercised control over or damaged the property.

## I.      Leavenworth Police Department – Legal Capacity To Be Sued

The Leavenworth Police Department argues that it lacks capacity to be sued.  Generally, governmental sub-units are not separate entities that may be sued under Section 1983.  See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) ("City of Denver Police Department" not separate entity that can be sued).  Likewise, under Kansas law, absent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued.  Mason v. Twenty-Sixth Jud. Dist., 670 F. Supp. 1528, 1555 (D. Kan. 1987); Hopkins v. Kansas, 702 P.2d 311, 316 (Kan. 1985).

Plaintiffs have pointed to no Kansas statute that would allow an action against the Leavenworth Police Department.  This Court has routinely dismissed actions against city police departments because they are not entities capable of being sued.  See Camick v. Wattley, No. 13–2361–JAR, 2013 WL 6384820, at *7 (D. Kan. Dec. 5, 2013); Creamer v. Rooks Cnty., Kan., No. 13–4076–RDR, 2013 WL 5406429, at *3 (D. Kan. Sept. 25, 2013).  The Court therefore dismisses plaintiffs' claims against the Leavenworth Police Department.

## II.     City of Leavenworth

The City argues that the Court must dismiss Counts III and IV for lack of subject matter jurisdiction and Counts I and II for failure to state a claim.

### A.      Intentional And Negligent Infliction Of Emotional Distress

In Counts III and IV, in her individual capacity, Shaffer asserts state law claims against the

City for intentional and negligent infliction of emotional distress.  The City argues that the Court

lacks jurisdiction to hear such claims because Shaffer did not comply with the notice requirement

of K.S.A. § 12-105b(d).  The Court agrees.

K.S.A. § 12–105b(d) provides in pertinent part as follows:

> Any person having a claim against a municipality which could give rise to
> an action brought under the Kansas tort claims act shall file a written notice as
> provided in this subsection before commencing such action.  The notice shall be
> filed with the clerk or governing body of the municipality and shall contain the
> following: (1) The name and address of the claimant and the name and address of
> the claimant's attorney, if any; (2) a concise statement of the factual basis of the
> claim, including the date, time, place and circumstances of the act, omission or
> event complained of; (3) the name and address of any public officer or employee
> involved, if known; (4) a concise statement of the nature and the extent of the injury
> claimed to have been suffered; and (5) a statement of the amount of monetary
> damages that is being requested.  In the filing of a notice of claim, substantial
> compliance with the provisions and requirements of this subsection shall constitute
> valid filing of a claim.

The Kansas Supreme Court has made clear that a claim against a city cannot survive unless plaintiff

complies with section 12–105b(d):

> It is a longstanding rule that filing a proper notice of a claim is a prerequisite
> to filing an action with the district court against a county or other municipality.
> Failure to provide the statutory notice of a claim in accordance with [section 12–
> 105b] precludes relief.  Thus, [section 12–105b] is jurisdictional . . . .  If the
> statutory requirements are not met, the court cannot acquire jurisdiction over the
> municipality.

Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty., 127 P.3d 319, 325 (Kan. 2006) (citations

omitted).

The statute expressly allows for "substantial compliance" with its provisions and

requirements.  K.S.A. § 12–105b(d).  The Kansas Supreme Court has defined "substantial

compliance" to mean "compliance in respect to the essential matters necessary to assure every

reasonable objective of the statute."  Myers, 127 P.3d at 323 (quoting Orr v. Heiman, 12 P.3d 387,

389 (Kan. 2000)).  The objective of the statute is to "advise the proper municipality of the time

-8-

and place of the injury and give the municipality an opportunity to ascertain the character and extent of the injury suffered." <u>Id.</u> (quoting <u>Bell v. Kan. City Hous. Auth.</u>, 992 P.2d 1233, 1235 (Kan. 1999)).  The Kansas Court of Appeals has elaborated on the requirement of substantial compliance as follows:

> In order to substantially comply with the notice requirements of K.S.A. [§ 12–105b(d)], a plaintiff must attempt to supply the information required by each of the five elements of the statute if relevant to the facts of the case; omission of one or more relevant elements makes the notice fatally insufficient.

<u>Tucking v. Bd. of Comm'rs of Jefferson Cnty.</u>, 796 P.2d 1055, 1056 (Kan. Ct. App. 1990). Substantial compliance does not occur if one element is completely missing from the written notice.  <u>Id.</u> at 1058; <u>see also</u> <u>Carney v. City of Shawnee</u>, 38 F. Supp. 2d 905, 914 (D. Kan. 1999) (applying <u>Tucking</u> standard).

To show compliance with Section 12-105b(d), Shaffer cites the Estate's notice of claim, which the City received on June 9, 2021.  In that notice, the Estate asserted claims under the Kansas Tort Claims Act and Section 1983.  Specifically, the Estate claimed that it was seeking damages for the illegal search of the residence and seizure of Gillom's personal property.  Shaffer argues that because her damages for intentional and negligent infliction of emotional distress stem directly from defendants' illegal search and seizure, she substantially complied with Section 12-105b(d).

As a matter of law, the notice of claim did not substantially comply with Section 12-105b(d) because it did not set forth the nature and extent of Shaffer's alleged injuries.  To state a claim for intentional and negligent infliction of emotional distress, plaintiff must allege extreme and severe mental distress and/or a qualifying physical injury.  <u>See</u> <u>Ware ex rel. Ware v. ANW Special Educ. Co-op. No. 603</u>, 180 P.3d 610, 613–14 (Kan. Ct. App. 2008).  The notice contains no allegation that Shaffer suffered mental distress or a qualifying physical injury or, more broadly, that she contemplated claims for intentional or negligent infliction of emotional distress.  In fact,

the notice detailed only "claims by the Estate" for "[i]llegal search and seizure, including theft of various personal property including, but not limited to, firearms, money, knives, and medication." Exhibit A (Doc. #4-1) at 1, 4.

This failure is "more than merely technical; [it] posed serious obstacles to the [City's] full investigation and understanding of the merits of the claims advanced." Dodge City Implement, Inc. v. Bd. of Cnty. Comm'rs of Cnty. of Barber, 205 P.3d 1265, 1283 (Kan. 2009). "Without such investigation and understanding, the legislature's obvious desire to facilitate early and easy resolution of claims against municipalities is undermined." Id. By failing to include a concise statement of the nature and the extent of her alleged injuries, Shaffer did not substantially comply with Section 12-105b(d). This Court therefore lacks subject matter jurisdiction over Counts III and IV and dismisses Shaffer's individual capacity claims for intentional and negligent infliction of emotional distress.

**B.     Fourth And Fourteenth Amendment**

Under Section 1983, Shaffer and the Estate assert that in violation of the Fourth and Fourteenth Amendments, the City unreasonably seized the Estate's property and maintained a policy or custom of failing to adopt clear policies and properly train its officers regarding repossession of property, which renders the City liable under Monell.

**i.     Shaffer**

As to Shaffer individually, the City argues that because she has not alleged that it seized her or her property, she has not stated a plausible claim under Section 1983. Shaffer does not respond to this argument.

A Section 1983 claim must be based upon the violation of plaintiff's personal rights—not the rights of someone else. Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (citation

-10-

omitted).   A seizure of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." <u>United States v. Jacobsen</u>, 466 U.S. 109, 113 (1984).   Relatedly, to state a procedural or substantive due process claim, plaintiff must first establish that defendant deprived her of a protectible property interest. <u>Hyde Park Co. v. Santa Fe City Council</u>, 226 F.3d 1207, 1210 (10th Cir. 2000).   Shaffer has not alleged that she personally had a possessory interest in the property which the City seized.   Shaffer's individual Fourth and Fourteenth Amendment claims therefore fail as a matter of law, and the Court sustains the City's motion to dismiss her Section 1983 claims.

**ii.   The Estate**

As to the Estate, the City argues that any violation occurred after Gillom's death, and Section 1983 provides no cause of action on behalf of a deceased person.   The Tenth Circuit has held that "the civil rights of a person cannot be violated once that person has died." <u>Silkwood v. Kerr-McGee Corp.</u>, 637 F.2d 743, 749 (10th Cir. 1980); <u>see also</u> <u>Isaacs v. Konawa Pub. Sch.</u>, No. 21-7016, 2022 WL 1100402, at *6 n.11 (10th Cir. Apr. 13, 2022) (Section 1983 claim failed because complaint alleged that defendant acted after plaintiff's death).   Accordingly, insofar as the Estate might seek to assert Fourth and Fourteenth Amendment claims on behalf of Gillom, such claims fail because the Estate alleges that the seizure of property occurred after Gillom's death. As a matter of law, the City could not have violated Gillom's civil rights.

The Estate alleges, however, that the City violated *its* Fourth and Fourteenth Amendment rights by unreasonably seizing *its* property.   <u>See</u> <u>Exhibit A</u> (Doc. #1-1) ¶ 77.   The City has not advanced an argument related to this claim.   Accordingly, the Court declines to dismiss the Estate's claim that the City violated Section 1983 by seizing its property in violation of the Fourth and Fourteenth Amendments.

-11-

C.      **Conversion**

Shaffer and the Estate assert that in violation of Kansas law, the City intentionally deprived them of their rightful possession of Gillom's property.  The City argues that (1) Shaffer's individual claim fails because she has not alleged a right to the property and (2) the Estate's claim fails because it has not alleged that the City exercised any right of ownership over or damaged the property.[3]

Under Kansas law, "conversion is the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights."  Bomhoff v. Nelnet Loan Servs., Inc., 109 P.3d 1241, 1246 (Kan. 2005).  To state a claim for conversion, plaintiff must allege that (1) it possessed a right in the goods or personal chattels; and (2) defendant exercised control over the goods or chattel to the exclusion of its right.  See Bank v. Parish, 264 P.3d 491, 498 (Kan. Ct. App. 2011).  Plaintiff may state a claim for conversion based upon the detention of or unreasonable withholding of possession of its property.  Queen v. Lynch Jewelers, LLC, 55 P.3d 914, 921 (Kan. Ct. App. 2002) ("One in possession of a chattel, as a bailee or otherwise, who, on demand, refuses without proper qualification to surrender it to another entitled to its immediate possession is subject to liability for conversion.").

Shaffer's individual claim fails because again she has not alleged a possessory interest in the seized property.  Under Kansas law, to state a claim for conversion, plaintiff must allege a right in the goods.  Because Shaffer has not done so, any claim in her personal capacity must fail as a matter of law.  The Court sustains the City's motion to dismiss Shaffer's personal capacity

---

[3]      In response, plaintiffs argue that the City did not return all of the seized property. The amended complaint does not allege that the City failed to return all of the property.  This argument is irrelevant, however, because the Estate has pleaded an otherwise cognizable claim for conversion.

conversion claim.

As to the Estate, the City asserts that its conversion claim must be dismissed because the amended complaint does not allege that the City exercised control over the property.  The Estate alleged, however, that the City controlled the property from December of 2020 to April of 2021 and refused to return it on demand.  The Estate has sufficiently alleged that the City exercised control of the property to the exclusion of its rights.

Finally, the City argues that the Estate's claim must fail because the amended complaint does not allege that the City damaged the property.  Relying on <u>J & J Wholesale, Inc. v. Euro-American Brands, LLC</u>, the City reasons that even if it temporarily controlled the property, the Estate cannot recover for conversion if it returned the property with no diminution in value.  No. 90,913, 2004 WL 720145, at *4 (Kan. Ct. App. April 2, 2004) ("Since [plaintiff] did not show that the value upon return was different than the value at time of the purported conversion, no cognizable damages were demonstrated.").  In <u>J & J Wholesale</u>, the court found that the party failed to allege an unlawful exercise of control, and the Kansas Court of Appeals further noted that the party also could not demonstrate damages.  Here, the Estate has alleged that the City exercised control of the property to the exclusion of its right.  As a result, <u>J & J Wholesale</u> is not instructive. Kansas courts have consistently held that the detention or unreasonable withholding of possession from one who has the right to possess property provides the basis of a conversion action.  <u>See</u> <u>Queen</u>, 55 P.3d at 921; <u>see also</u> <u>Sells v. Muncie Auto Salvage, Inc.</u>, No. 97,835, 2008 WL 762520, at *3 (Kan. Ct. App. March 21, 2008).  The Estate has made such allegations and therefore stated a cognizable claim for conversion under Kansas law.  The Court overrules the City's motion as to the Estate's conversion claim.

**IT IS THERFORE ORDERED** that <u>Defendants' Motion To Dismiss</u> (Doc. #3) filed

February 6, 2023 is hereby **SUSTAINED in part and OVERRULED in part.**  All counts against the Leavenworth Police Department are dismissed for lack of capacity to be sued.  Shaffer's personal capacity Section 1983 claim (Count I) and state law conversion claim (Count II) are dismissed for failure to state a claim.  Shaffer's claims for intentional and negligent infliction of emotional distress (Counts III and IV) are dismissed for lack of jurisdiction.

The motion is overruled as to the Estate's claims against the City (Counts I and II).

Dated this 9th day of June, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-14-